# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-99V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| ELIZABETH A. HARRIS, | \* | Special Master Oler |
| | \* | |
| Petitioner, | \* | Filed: July 30, 2018 |
| | \* | |
| v. | \* | Decision; Attorney's Fees and Costs. |
| | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Robert Paul Coleman, III*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 23, 2017, Elizabeth A. Harris filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from an exacerbation and worsening of peripheral neuropathy as a result of her influenza ("flu") vaccine administered on December 2, 2015.[2]  Petition, ECF No. 1.  On June 1, 2018, the parties filed a joint stipulation of dismissal (ECF No. 40), and I therefore issued an order concluding proceedings on June 14, 2018 (ECF No. 36).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a motion requesting final attorney's fees and costs, dated June 1, 2018. *See* Motion for Attorney's Fees, ECF No. 39. Petitioner requests reimbursement of attorney's fees and costs in the total amount of $17,969.15 (representing $16,905.00 in attorney's fees and $1,064.15 in costs). *See* Fees and Costs Summary, ECF No. 39-1 at 2. Petitioner requests $350.00 per hour for work performed by Ms. Meyers in 2016 and 2017, as well as $375.00 per hour for work performed in 2018. *Id*. Petitioner also requests $145.00 per hour for worked performed by paralegals. *Id.* In compliance with General Order No. 9, Petitioner filed a signed statement indicating that she did not incur any fees or costs in this matter. ECF No. 44.

Respondent filed a document reacting to the fees request on June 14, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 42. Petitioner did not file a reply to Respondent's response.

I reviewed Ms. Meyers' detailed records of time and expenses incurred in this case, and find that they are reasonable. Respondent did not identify any entries as objectionable. I hereby **GRANT** Petitioner's motion for attorney's fees and costs. Thus, an award of **$17,969.15**[3] should be made in the form of a check payable jointly to Petitioner, Elizabeth A. Harris, and Petitioner's counsel, Ms. Nancy Routh Meyers, Esquire, of Ward Black Law. The clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.